UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DWIGHT CARLSON AS TRUSTEE FOR PYRAMID TRIBE TR-116,

                           Plaintiff,

     v.

NATIONSTAR MORTGAGE LLC,
*doing business as Mr. Cooper*,
*et al.*,

                        Defendants.

Case No. 3:19-cv-00723-MMD-WGC

ORDER

## I.    SUMMARY

This removed action involves a dispute over an assignment of deed of trust (the "Assignment"). Before the Court are Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar") motion to dismiss ("Nationstar's Motion") (ECF No. 6) and Quality Loan Service Corporation's ("Quality") motion to dismiss ("Quality's Motion") (ECF No. 10).[1] For the reasons explained below, the Court will grant Nationstar's Motion for lack of standing and deny Quality's Motion as moot.[2]

## II.    BACKGROUND

The following facts are alleged in the Complaint, unless otherwise indicated.

Plaintiff Dwight Carlson as Trustee for Pyramid Tribe TR-116 purchased 2402 Sunny Slope, Dr. #9, Sparks, NV 89434[3] (the "Property") at a homeowner association's

---

[1]Quality joined in Nationstar's Motion. (ECF No. 7.)

[2]The Court has also reviewed the parties' related briefs. (ECF Nos. 9, 11, 13, 14, 15.)

[3]The Complaint states the Property is located at "2402 Sunnyslope Drive, Reno, NV." (ECF No. 1-1 at 3.) Having cross referenced the Complaint's legal description and APN number of the Property (*see id.*) with the Deed of Trust (the "DOT") attached to *(fn. cont…)*

1
2
3

("HOA") foreclosure sale. (*See* ECF No. 1-1 at 3; ECF No. 6-1 at 5, 23.) At that time, Defendant Federal National Mortgage Association ("Fannie Mae") owned the promissory ("Note") and the DOT. (ECF No. 1-1 at 4.)

4
5
6
7
8
9
10
11

On September 20, 2016, Fannie Mae filed an interpleader action in this Court against Plaintiff (*Federal National Mortgage Association v. Carlson* ("*Carlson*"), Case No. 3:16-cv-520-MMD-WGC, ECF No. 1 (D. Nev. Sep. 2, 2016)), which the Court consolidated with another case (*Springland Village Homeowners Association v. Pearman* ("*Springland*"), Case No. 3:16-cv-423-MMD-WGC, ECF No. 33 (D. Nev. Jan. 5, 2018)).[4] On January 10, 2018, the Court granted Fannie Mae's motion for summary judgment and found that Plaintiff purchased the Property subject to Fannie Mae's DOT. *Carlson*, ECF No. 34 at 5.

12
13
14
15
16

On April 1, 2019, the Assignment between Fannie Mae and Nationstar was recorded. (ECF No. 1-1 at 4; *see also* ECF No. 6-4 (Assignment).[5]) On September 18, 2019, Nationstar and Quality recorded a Notice of Default and Election to Sell the Property. (ECF No. 1-1 at 4.) Nationstar and Quality caused Defendant John Doe 1 to serve the notice and vacate Plaintiff's tenant from the Property. (*Id.*)

17
18
19

Plaintiff alleges that there is a conflict of claims between Fannie Mae and Nationstar over who is the true owner of the Note and DOT, placing Plaintiff at the risk of inconsistent

20
21

Nationstar's Motion (ECF No. 6-1 at 5, 23), the Court concludes that the address identified in the Complaint is a typographical error. The correct address, as stated in the DOT, is 2402 Sunny Slope, Dr. #9, Sparks, NV 89434

22
23
24
25

[4]While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the Court may consider documents "properly submitted as part of the complaint" and "may take judicial notice of 'matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation and internal quotations omitted). Because "documents on file in federal or state courts" are "matters of public record," the Court takes judicial notice of *Carlson*, ECF Nos. 1 and 34, and *Springland*, ECF No. 33. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

26
27
28

[5] Here, the Court takes judicial notice of ECF No. 6-4 as recorded with the Washoe County Recorder and is thus a matter within the public record. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

1    judgments. (*Id.*) Plaintiff asserts five claims: (1) declaratory relief, (2) slander of title, (3)

2    permanent injunction, (4) wrongful eviction by John Doe 1, and (5) "wrongful actions" by

3    Nationstar and Quality. (*Id.* at 4-6.)

4    **III.    DISCUSSION**

5         Defendants assert several arguments in their respective motions. However, the

6    Court agrees with Nationstar that Plaintiff lacks standing to bring his claims, which are all

7    related to the Assignment. (*See* ECF No. 6 at 5.) Therefore, the Court declines to address

8    the remaining arguments.

9         "The party invoking federal jurisdiction, [here Plaintiff], bears the burden of

10   establishing [the constitutional minimum of standing]." *Lujan v. Defenders of Wildlife*, 504

11   U.S. 555, 61 (1992). Three elements must be met to establish standing: (1) the plaintiff

12   must have suffered an injury in fact—an invasion of a legally protected interest which is

13   (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

14   (2) there must be a causal connection between the injury and the conduct complained of—

15   the injury has to be fairly . . . traceable to the challenged action of the defendant; and (3)

16   it must be likely—not speculative—that the injury will be redressed by a favorable ruling in

17   the action. *Id.* at 560 (citations and alterations omitted). These elements are an

18   indispensable part of a plaintiff's case and therefore "must be supported in the same way

19   as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner

20   and degree of evidence required at the successive stages of the litigation. *Id.* at 561

21   (citations omitted).

22        In the Complaint, Plaintiff essentially challenges Nationstar and Quality's rights to

23   foreclose on the DOT based on the purported invalidity of the Assignment. (*See generally*

24   ECF No. 1-1.) Plaintiff is not a party to the Assignment, nor has he alleged any involvement

25   in it. In fact, the Assignment does not reference Plaintiff whatsoever. (*See generally*, ECF

26   No. 6-4.) Accordingly, the Court finds that Plaintiff has not asserted a legally protected

27   interest in the Assignment and therefore lacks standing to challenge it. *See Viloria v.*

28   *Premium Capital Funding LLC*, 2012 WL 4361252, at * 3 (D. Nev. Sept. 20, 2012)

1   (citations omitted) ("Plaintiffs lack standing to challenge the assignments of the Note and

2   Deed of Trust . . ."); *Penrose v. Quality Loan Serv. Corp.*, No. 3:19-cv27-MMD-CBC, 2019

3   WL 1338393, at *4 (D. Nev. Mar. 25, 2019p) (holding that plaintiff lacked standing to

4   challenge a loan transaction or its securitization for which he had no involvement in).

5   **IV.   CONCLUSION**

6         The Court notes that the parties made several arguments and cited to several cases

7   not discussed above. The Court has reviewed these arguments and cases and determines

8   that they do not warrant discussion as they do not affect the outcome of the motions before

9   the Court.

10        It is therefore ordered that Defendant Nationstar's motion to dismiss (ECF Nos. 6,

11  7) is granted. Dismissal will be with prejudice.

12        It is further ordered that Defendant Quality's motion to dismiss (ECF No. 10) is

13  denied as moot.

14        The Clerk of Court is directed to enter judgment in Defendants' favor in accordance

15  with this order and close this case.

16        DATED THIS 4th day of May 2020.

17

18        _____

19        MIRANDA M. DU
          CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4